UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

SABRINA MORRISON,

                                 Plaintiff,

          -against-

CITY OF NEW YORK, RALPH CONDE, Individually, and
JOHN and JANE DOE 1 through 10, Individually, (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),

                               Defendants,

--------------------------------------------------------------------------------X

**COMPLAINT**

Docket No.

<u>Jury Trial Demanded</u>

      Plaintiff SABRINA MORRISON, by her attorneys, Brett H. Klein, Esq., PLLC,

complaining of the defendants, respectfully alleges as follows:

## **<u>Preliminary Statement</u>**

      1.    Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of her civil rights, as

said rights are secured by said statutes and the Constitution of the United States.  Plaintiff also

asserts supplemental state law claims.

## **<u>JURISDICTION</u>**

      2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

      3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## **<u>VENUE</u>**

      4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMANDS

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff SABRINA MORRISON is a thirty-eight-year-old African American female resident of Staten Island, New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants RALPH CONDE and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said

2

defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.　　On January 22, 2016, at approximately 10:30 p.m., defendant NYPD police officers RALPH CONDE and JOHN DOE 1 participated in assaulting and battering plaintiff, falsely arresting her, and manufacturing false evidence against her, and/or failed to intervene in said acts despite being present and/or aware of said of acts and abuses of authority.

13.　　On the aforesaid date, from approximately 9:00 p.m. to 10:00 p.m., plaintiff had been dining inside of Miller's Ale House, located at 2883 Richmond Avenue, Staten Island, New York.

14.　　While at Miller's Ale House (hereinafter "Miller's"), one of plaintiff's dinner companions got into a dispute with the manager of Miller's.

15.　　Plaintiff was not involved in any way in the dispute.

16.　　The manager apparently called the police to the location.

17.　　In response to a request by the manager that plaintiff's dinner companion leave the establishment, the group, including plaintiff, left Miller's.

18.　　After the group left, and while *en route* to their motor vehicle, defendant officer CONDE pushed plaintiff's companion.

19.　　Defendant officers thereafter proceeded to arrest him.

20.　　Plaintiff was standing a short distance away, as this was occurring.

21.　　Although plaintiff had committed no crime or offense, after plaintiff's companion was arrested, defendant CONDE approached plaintiff and demanded her identification.

3

22.     As plaintiff reached into her purse to retrieve her identification, CONDE grabbed plaintiff's right hand, pulled her arm behind her back and proceeded to, along with other JOHN and/or JANE DOE officers, forcefully  and otherwise unreasonably arrest plaintiff.

23.     Defendant CONDE, with the assistance of the other JOHN and JANE DOE officers slammed plaintiff down on a parked vehicle and placed handcuffs on her wrists in an extremely over tight manner.

24.     After plaintiff was handcuffed, she was searched, including pulling and shaking her shirt and bra, and checking her waistband, and plaintiff was asked repeatedly about being in possession of drugs.

25.     No contraband was found on plaintiff.

26.     Plaintiff was then imprisoned in a police vehicle and transported to the 121st Police Precinct.

27.     Plaintiff was held for approximately three hours at the precinct, before she was released with a summons sworn to by defendant CONDE, falsely charging plaintiff with disorderly conduct, and compelling her appearance in Richmond County Criminal Court on April 20, 2016.

28.     On April 20, 2016, plaintiff appeared in Richmond County Criminal Court to face the false charges filed based on the false allegations of defendant CONDE.   Said false information and evidence was used against plaintiff and formed the basis of the charges filed against plaintiff.

29.     In particular, the defendant officers claimed that plaintiff had acted disorderly, refused to leave Miller's and had made a scene inside and outside of Miller's.  These claims were

false.

30.     The defendant officers initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for the abovementioned abuse of authority and acts of brutality.

31.     On April 20, 2016, the false charges were dismissed and sealed.

32.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, employing excessive use of force and issuing baseless summonses without probable cause.

33.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and investigations by, without limitation, the New York City Department of Investigation Office of the Inspector General for the NYPD that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force. *See e.g.* http://www.nyc.gov/html/oignypd/assets/downloads/pdf/oig_nypd_use_of_force_report_-_oct_1_2015.pdf.  In particular, the investigation by the New York City Department of Investigation Office of the Inspector General acknowledged that between the years of 2010 and 2014 the Civilian Complaint Review Board substantiated 179 force cases.  The report further affirmed the lack of proper training, policies, practices, and discipline of NYPD officers with respect to use of force, finding that the use-of-force policy in place at the time of the incident was "vague and imprecise, providing little guidance to individual officers on what actions

5

constitute force."  The investigation further found that the NYPD frequently failed to impose discipline when provided with evidence of excessive force.

34.    The City of New York is also aware from lawsuits, such as *Stinson, et al. v. City of New York*, 10 CV 4228 (RWS), notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, that many NYPD officers, including the defendants, improperly issue summonses without probable cause and are insufficiently trained regarding the probable cause requirement for the issuance of summonses to individuals.

35.    Defendant CITY OF NEW YORK is further aware that such improper training and policies have often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

36.    Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

37.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

38.    All of the aforementioned acts deprived plaintiff SABRINA MORRISON, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States

of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

39.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

40.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

41.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

42.     As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of her constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

43.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.     Defendants arrested plaintiff SABRINA MORRISON, without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

45.     Defendants caused plaintiff SABRINA MORRISON to be falsely arrested and unlawfully imprisoned.

46.     As a result of the foregoing, plaintiff SABRINA MORRISON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

47.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff SABRINA MORRISON'S constitutional rights.

49.     As a result of the aforementioned conduct of defendants, plaintiff SABRINA MORRISON was subjected to excessive force and sustained physical and emotional injuries.

50.     As a result of the foregoing, plaintiff SABRINA MORRISON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

51.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.     Defendants issued criminal process against plaintiff SABRINA MORRISON by causing her arrest and prosecution in Richmond County Criminal Court.

8

53.     Defendants caused plaintiff SABRINA MORRISON to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their abuse of authority and acts of brutality, and thereby violated plaintiff's right to be free from malicious abuse of process.

54.     As a result of the foregoing, plaintiff SABRINA MORRISON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

55.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff SABRINA MORRISON.

57.     Defendants caused plaintiff SABRINA MORRISON to be prosecuted without any probable cause until the charges were dismissed on or about April 20, 2016.

58.     As a result of the foregoing, plaintiff SABRINA MORRISON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

59.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

9

paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.     Defendants created false evidence against plaintiff SABRINA MORRISON.

61.     Defendants utilized this false evidence against plaintiff SABRINA MORRISON in legal proceedings.

62.     As a result of defendants' creation and use of false evidence, plaintiff SABRINA MORRISON suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

63.     As a result of the foregoing, plaintiff SABRINA MORRISON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

64.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.     Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers.

66.     The defendants failed to intervene to prevent the unlawful conduct described herein.

67.     As a result of the foregoing, plaintiff was subjected to excessive force, her liberty was restricted for an extended period of time, she was put in fear of her safety, she was humiliated and subjected to handcuffing and other physical restraints, arrested, and maliciously issued process.

10

68.     As a result of the foregoing, plaintiff SABRINA MORRISON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

69.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

71.     As a result of the foregoing, plaintiff SABRINA MORRISON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

72.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

74.     The aforementioned customs, policies, usages, practices, procedures and rules of

11

the New York City Police Department included, but were not limited to, subjecting citizens to excessive force, issuing individuals baseless summonses without probable cause.  In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff's rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

75.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

76.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

77.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

78.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff SABRINA MORRISON was subjected to excessive force, falsely arrested, unlawfully imprisoned, and maliciously prosecuted.

79.     Defendants, collectively and individually, while acting under color of state law,

were directly and actively involved in violating plaintiff's constitutional rights.

80.     All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

    A.     Not to be deprived of liberty without due process of law;

    B.     To be free from false arrest/unlawful imprisonment;

    C.     To be free from excessive force;

    D.     To be free from the failure to intervene;

    E.     To be free from malicious prosecution;

    F.     To receive equal protection under law.

81.     As a result of the foregoing, plaintiff SABRINA MORRISON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

82.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.     Within ninety (90) days after the claim herein accrued, plaintiff SABRINA MORRISON duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

84.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

13

85.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

86.     Plaintiff SABRINA MORRISON has complied with all conditions precedent to maintaining the instant action.

87.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR NINTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

88.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89.     As a result of the foregoing, plaintiff SABRINA MORRISON was placed in apprehension of imminent harmful and offensive bodily contact.

90.     As a result of defendant's conduct, plaintiff SABRINA MORRISON has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

91.     Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

92.     As a result of the foregoing, plaintiff SABRINA MORRISON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TENTH CAUSE OF ACTION**
(Battery under the laws of the State of New York)

93.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94.     Defendants made offensive contact with plaintiff SABRINA MORRISON without privilege or consent.

95.     As a result of defendants' conduct, plaintiff SABRINA MORRISON has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

96.     Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

97.     As a result of the foregoing, plaintiff SABRINA MORRISON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
(False Arrest under the laws of the State of New York)

98.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

99.     Defendants arrested plaintiff SABRINA MORRISON without probable cause.

100.    Plaintiff SABRINA MORRISON was detained against her will for an extended period of time and subjected to physical restraints.

101.    As a result of the aforementioned conduct, plaintiff SABRINA MORRISON was

unlawfully imprisoned in violation of the laws of the State of New York.

102.    As a result of the aforementioned conduct, plaintiff SABRINA MORRISON suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

103.    Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

104.    As a result of the foregoing, plaintiff SABRINA MORRISON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

105.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "104" with the same force and effect as if fully set forth herein.

106.    Defendants issued criminal process against plaintiff SABRINA MORRISON by causing her to be arrested, arraigned and prosecuted in Richmond County Criminal Court.

107.     Defendants caused plaintiff SABRINA MORRISON to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their abuse of authority and acts of brutality.

108.    Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

109.    As a result of the foregoing, plaintiff SABRINA MORRISON is entitled to

16

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

110.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "109" with the same force and effect as if fully set forth herein.

111.    The defendant officers initiated, commenced and continued a malicious prosecution against plaintiff SABRINA MORRISON.

112.    Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

113.    Defendants caused plaintiff SABRINA MORRISON to be prosecuted without probable cause until the charges were dismissed on or about April 20, 2016.

114.    As a result of the foregoing, plaintiff MARKEITH GIVENS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

115.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "114" with the same force and effect as if fully set forth herein.

116.    Upon information and belief, defendant CITY OF NEW YORK failed to use

17

reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest, prosecution, and use of force against plaintiff SABRINA MORRISON.

117.     Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

118.     As a result of the foregoing, plaintiff SABRINA MORRISON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

119.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "118" with the same force and effect as if fully set forth herein.

120.     Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest, prosecution, and use of force against plaintiff SABRINA MORRISON.

121.     As a result of the foregoing, plaintiff SABRINA MORRISON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

122.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "121" with the same force and effect as if fully set forth herein.

123.   Plaintiff SABRINA MORRISON'S injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

124.   Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' negligence under the doctrine of *respondeat superior*.

125.   As a result of the foregoing, plaintiff SABRINA MORRISON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12 against Defendant City of New York)

126.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "125" with the same force and effect as if fully set forth herein.

127.   As a result of defendants' conduct, plaintiff SABRINA MORRISON was deprived of her right to security against unreasonable searches, seizures, and interceptions.

128.   As a result of the foregoing, plaintiff SABRINA MORRISON is entitled to

19

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

       **WHEREFORE**, plaintiff demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: New York, New York
      April 21, 2017

                    BRETT H. KLEIN, ESQ., PLLC
                    Attorneys for Plaintiff SABRINA MORRISON
                    305 Broadway, Suite 600
                    New York, New York 10007
                    (212) 335-0132

                    By:    s/ Brett Klein_____
                            BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------------X

SABRINA MORRISON,

                        Plaintiff,

            -against-

CITY OF NEW YORK, RALPH CONDE, Individually, and
JOHN and JANE DOE 1 through 10, Individually, (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),

                        Defendants.

--------------------------------------------------------------------------------X

                            Docket No.

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132